In the Matter of HARVEY FELTON, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 18, 1992

APPEARANCES OF COUNSEL

*Gary L. Casella (Etta M. Biloon* of counsel), for petitioner.

*Harvey Felton,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 10 allegations of professional misconduct. The Special Referee sustained all 10 charges. The petitioner now moves to confirm the Special Referee's report while the respondent cross-moves to disaffirm so much of the report as relates to charges of dishonesty, fraud, deceit, misrepresentation and conversion.

Charge One alleged that the respondent converted funds which he was holding in escrow in a pending civil matter. On or about September 21, 1987, the respondent deposited $18,850 into his escrow account at Chemical Bank. That sum was to have been held pending resolution of the action. On or about February 11, 1988, prior to the resolution of the action, the balance in that account fell to $11,810.98.

Charge Two alleged that the respondent converted funds which he was holding in escrow in connection with a real estate transaction. The respondent represented Hemlock Homes, Ltd. (hereinafter Hemlock), in the sale of its property to John and Marjorie Karow. In or about May 1989 the respondent deposited a $70,000 down payment into his escrow account at the First National Bank of Highland, which had taken over the Chemical Bank branch where he maintained his escrow account. At the closing on June 26, 1989, the respondent made disbursements from the escrow fund of about $4,146.16. Although he issued a $66,853.84 check payable to Hemlock the following day, the respondent stopped payment on that check on June 30, 1989. He issued no further checks to his client until September 6, 1989. Between June 30 and September 6, 1989, the respondent was required to be holding in his escrow account the sums of $66,853.84 from this transaction and $18,850 in connection with the civil action mentioned in Charge One. On August 14, 1989, the balance in the respondent's escrow account was only $79,754.83, reflecting a conversion of funds with which he had been entrusted.

Charge Three alleged that the respondent converted escrow funds entrusted to him. On or about September 6, 1989, the respondent issued four checks from the escrow fund payable to

Crossland Savings Bank (hereinafter Crossland). One check, in the sum of $45,242.11, was deposited into a new Liquid Investment Escrow Account at Crossland. A check in the amount of $1,000 was deposited into a new escrow checking account at Crossland. Two checks totaling $21,000 were deposited into two personal accounts of the respondent. On September 8, 1989, the respondent issued a check for $11,000 to AFCO Homes, Ltd. (hereinafter AFCO), a corporation in which he owned a one-half interest. Of the total of $85,703.84 which the respondent was required to be holding in escrow on September 11, 1989, only $49,281.74 was intact.

Charge Four alleged that the respondent failed to promptly pay or deliver upon a client's request, funds in his possession to which the client was entitled. On or about August 29, 1989, attorneys for Hemlock wrote to the respondent and formally demanded the return of all funds held in escrow for their clients. The respondent advised that he had already deducted $30,650 from the escrow funds for fees allegedly due him and $11,696.73 for the balance of a loan due to AFCO. The respondent refused to release any of the balance of the funds to Hemlock. By letter dated November 29, 1989, the attorneys for Hemlock again demanded the full amount of escrow funds. The respondent again advised that he had unilaterally released funds to himself and intended to maintain the balance. On or about March 28, 1990, the respondent issued an escrow check in the amount of $25,427.91, payable to Hemlock's attorneys. The memo indicates that the check represents the "balance of escrow funds plus interest Hemlock Homes, Ltd". The respondent has not released the remaining funds which he was required to be holding.

Charge Five alleged that the respondent has been guilty of dishonesty, fraud, deceit, or misrepresentation, in that at the time that he had advised the attorneys for Hemlock that he had deducted funds for his fee and the loan due to AFCO, he had not in fact done so. The pertinent deductions from the escrow account did not occur until on or about September 6, 1989.

Charge Six alleged that the respondent failed to maintain a duly constituted escrow account, in that he commingled client funds with personal funds.

Charge Seven alleged that the respondent is guilty of failing to maintain a duly constituted escrow account and of commingling funds, in that on or about July 24, 1989, the respondent

issued a $500 check for personal purposes from his escrow account at First National Bank of Highland.

Charge Eight alleged that the respondent failed to account to his clients for interest incurred on funds deposited in his interest-bearing escrow account at First National Bank of Highland.

Charge Nine alleged that on or about July 26, 1989, and October 25, 1989, the respondent issued checks in the amounts of $1,500 and $639.48, respectively, from his escrow account payable to "cash".

Charge Ten alleged that the respondent has failed to maintain the required books and records for his client escrow account, in that he has failed to maintain deposit slips for this account.

After reviewing all of the evidence adduced, we find that the Special Referee properly sustained all of the charges of professional misconduct alleged against the respondent.

The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied. The evidence clearly established that the amount the respondent was holding in his escrow account was removed intentionally and did not remain intact during the required time periods.

In determining the appropriate measure of discipline to impose, we have taken into consideration the mitigating circumstances advanced by the respondent including his claims of inadvertence. We nevertheless find that the respondent's conduct reveals a flagrant pattern of disregard for the canons of ethics by which all attorneys are bound. The respondent is guilty of serious professional misconduct and is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Harvey Felton is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, sus-

pended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Harvey Felton is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.